## Nehls v. Uniontown Hospital

*Sikov & Love,* for plaintiffs.

*Ray, Buck, Margolis, Mahoney & John* and *Thomson, Rhodes & Grisby,* for defendants.

ADAMS, *J.,* April 13, 1977 — This matter is before the court en banc on a motion for sanctions by plaintiffs for failure of defendant, Dr. Donald Franklin, to answer certain questions at a deposition.

Plaintiffs filed an action for wrongful death and survival alleging breach of contract, negligence, and medical malpractice on the part of the defendants, Dr. Donald Franklin and Uniontown Hospital.

Plaintiffs allege that decedent, Marcella Ann Nehls, died as a result of pulmonary embolism caused by the diagnosis, treatment and care by Dr. Donald Franklin—first in failing to properly diagnose a fracture of her right femur when treated in the Uniontown Hospital emergency room by Dr. Franklin on June 7, 1973, and second, in failing to observe the embolism following surgery in the Uniontown Hospital on June 22, 1973.

The court is of the opinion that the motion for sanctions should be granted in part and denied in part.

The relevant questions directed to defendant, Dr. Donald Franklin, are as follows:

1. "Q. In the absence of any history of trauma, from the time you examined her until the time she was readmitted to the hospital on June 22, 1973, would it be fair to state that the hip fracture would have been present at the time of the emergency room care on June 7, 1973?"

2. "Q. . . . what is meant by an intertrochanteric fracture of the right femur?"

3. "Q. Doctor, what is a comminuted fracture?"

4. "Q. Would you tell us (what an embolism is)?"

5. "Q. Doctor, you stated that there was a difference between a simple fracture, a comminuted fracture and a compound fracture. Could you tell us what those differences are?"

6. "Q. What is an x-ray, Doctor?"

7. "Q. Can you describe what an x-ray is?"

8. "Q. In the medical field, can you tell me whether or not it is recognized that there may be circulatory problems such as emboli following fracture of a lower extremity?"

9. "Q. Can you define an embolism for us?"

10. "Q. Doctor, would you be aware or would you know of the effect of a delayed diagnosis of a fracture of a lower extremity?"

11. "Q. Of what importance are they?" (The court treats this as an inquiry as to the importance of accurate diagnosis in the case of fractures.)

The contention of defendants is that the instant questions call for an expert opinion of Dr. Franklin and therefore do not require an answer under Pa. R.C.P. 4011(f) which provides: . .

"No discovery or inspection shall be permitted which . . . (f) would require a deponent, whether or not a party, to give an opinion as an expert witness, over his objection."

Plaintiffs allege that the questions directly relate to medical treatment given to decedent by the physician and are relevant in determining negligence.

Once a label is affixed to the question, the law is clear as to the effect which follows. The real problem lies in affixing the labels. Other courts have disagreed as to the basis for determining what label to affix.

In the case of Swotes v. Rechtman, 46 D. & C. 2d 283 (1969), the court distinguished the situation where the deponent is a physician charged with malpractice and being questioned about the diagnosis and treatment in that case from the general statement of Pa. R.C.P. 4011(f). This court is of the opinion that such a distinction is valid; however, we feel that the doctrine set forth in Swotes v. Rechtman is too broad and must be restricted.

In a malpractice case the matter to be determined is whether the improper actions or omissions of the healing physician were the cause of the resulting injuries of the patient. Therefore, the physician's knowledge of the subject, his competence, the adequacy of his diagnosis and treatment are matters directly in issue: Swotes, id.

Questions 2, 3, 4, 5, 6, 7 and 9 relate directly to Dr. Donald Franklin's diagnosis, treatment and knowledge of the injury and resulting cause of death in the instant case. They are a proper subject for discovery procedures. Questions 1, 8, 10 and 11 are encompassed by Pa. R.C.P. 4011(f).

Question 1 is a hypothetical question calling for

an expert opinion. Question 8 calls for an expert opinion of the defendant, Dr. Donald Franklin, as to medical standards in the community. Questions 10 and 11 call for a general expert opinion. The defendant, Dr. Donald Franklin, is not required to answer such questions: Borish v. Beck, 43 D. & C. 2d 172 (1967).

Wherefore, the court makes the following

## ORDER

And now, April 13, 1977, after consideration, the court hereby orders defendant, Dr. Donald Franklin, to answer question 2, 3, 4, 5, 6, 7 and 9. The motion for sanctions is denied as to questions 1, 8, 10 and 11.